Virginia Wetherell Executive Director Department of Natural Resources
QUESTION:
1. Must the Board of Regents comply with Ch. 253, F.S., in the sale, trade, exchange or disposal of real property and improvements used by the University of Florida Institute of Food and Agricultural Services pursuant to Ch. 90-148, Laws of Florida?
2. Does title to property purchased by the Board of Regents to replace the disposed lands vest in the Board of Trustees of the Internal Improvement Trust Fund?
3. Must the Board of Regents comply with Ch. 253, F.S., in purchasing real property or improvements for the relocation and construction of new facilities for the University of Florida Institute of Food and Agricultural Services?
SUMMARY:
1. 3. The comprehensive provisions for acquisition and disposal of lands titled in the Board of Trustees of the Internal Improvement Trust Fund in Ch. 253, F.S., should be followed in the disposal and acquisition of property used by the University of Florida Institute of Food and Agricultural Services.
2. Section 240.205, F.S., places title to all real property acquired by the Board of Regents in the Board of Trustees of Internal Improvement Trust Fund.
The comments in this opinion are limited to an interpretation of the application of Ch. 253, F.S., to the transfer of property used by the University of Florida Institute of Food and Agricultural Sciences.
Chapter 90-148, Laws of Florida, provides:
 (1) Notwithstanding any provision of law to the contrary, the Board of Regents, with the approval of a majority of the Board of Trustees of the Internal Improvement Trust Fund, may sell, trade, exchange, or otherwise dispose of state agricultural research and education real property and improvements used by the University of Florida Institute of food and Agricultural Sciences. The Board of Regents shall deposit the proceeds from such sale or other disposition into the Institute of Food and Agricultural Sciences. The Board of Regents shall deposit the proceeds from such sale or other disposition into the Institute of Food and Agricultural Sciences Relocation and Construction Trust Fund, to be used for the relocation or construction of new agricultural research and education facilities. Relocation and construction of new agricultural research and education facilities must be consistent with a plan for research and education center modification and consolidation approved by the Board of Regents.
* * *
(3) The Board of Regents, with the approval of a majority of the Board of Trustees of the Internal Improvement Trust Fund, may purchase real property or improvements for the relocation or construction of new agricultural research and education facilities.
Thus, the Board of Regents (BOR) is authorized to dispose of property used by the University of Florida Institute of Food and Agricultural Sciences (IFAS), but titled to the Board of Trustees of the Internal Improvement Trust Fund (trustees),[1]
and to purchase property for the relocation or construction of new IFAS facilities, with the trustees approval. Chapter 90-148, Laws of Florida, however, does not dictate statutory procedures to be followed in the disposal or purchase of such property, but rather appears to grant the BOR discretion to decide which IFAS property to sell and which property to purchase in replacing such sold property.
Section 243.025, F.S. (1990 Supp.), contains provisions which must be followed in the acquisition of land by the trustees, such as: assessing the availability of state-owned lands in the area prior to initiating any land acquisition;[2] requiring evidence of marketable title by the landowner prior to the conveyance:[3] requiring an appraisal;[4] and providing guidelines for negotiations and offers.[5]
Section 253.111, F.S., requires that the board of county commissioners in the county in which property to be sold is located be notified and given the opportunity to purchase the property at the appraised market value. Furthermore, public notice of an application to sell property is required and, if objections are filed, a hearing in the county in which the land is located must be held.[6]
Previously, this office concluded that agencies authorized by statute to acquire property were required to comply with the acquisition procedures in s. 253.025, F.S., in light of the proviso language of the statute requiring the agencies to adhere to s. 253.025, F.S.[7] There is no analogous proviso language in Ch. 90-148, Laws of Florida. Absent such proviso language, the statutory provisions generally addressing the powers of the BOR in handling property transfers must be considered.
Section 240.205, F.S., creates the Board of Regents as a body corporate with the authority to:
Acquire real and personal property and contract for the sale and disposal of same and approve and execute contracts for goods, equipment, or services, including educational services for leases of real and personal property and for construction, in accordance with chapter 287, as applicable. The acquisition may include purchase by installment or lease-purchase. Such contracts may provide for payment of interest on the unpaid portion of the purchase price. . . . Title to all real property, howeveracquired, shall be vested in the Board of Trustees of the InternalImprovement Trust Fund and shall be transferred and conveyed byit.[8] (e.s.)
While the BOR is generally authorized to acquire and dispose of real and personal property, any transfer or conveyance is to be carried out by the trustees. Giving effect to s. 240.205, F.S., the trustees would be responsible for carrying out any conveyance or transfer which the BOR makes pursuant to Ch. 90-148, Laws of Florida. Furthermore, absent statutory authority allowing the BOR to hold title to real property in its own name, all property obtained by the BOR would be vested in the Board of Trustees of the internal Improvement Trust Fund.[9]
Section 253.03(1), F.S. (1990 Supp.), vests the Board of Trustees of the Internal Improvement Trust Fund with the power of "acquisition, administration, management, control, supervision, conservation, protection, and disposition of all lands owned by, or which may hereafter inure to, the state or any of its agencies, departments, boards, or commissions" excluding certain lands not pertinent to this inquiry. This comprehensive authority given to the trustees does not appear to be diminished by the terms of Ch. 90-148, Laws of Florida, which merely authorized the BOR to dispose of IFAS property and acquire new property of IFAS purposes. Furthermore, any decision by the BOR to dispose of such property or to acquire new property pursuant to Ch. 90-148, Laws of Florida, is subject to approval by the trustees.
In light of the comprehensive procedures in Ch. 253, F.S., for the acquisition, disposal, and management of lands titled to the trustees and the provision in s. 240.205, F.S., for all transfers and conveyances by the BOR to be carried out by the trustees, it would appear advisable for the BOR to adhere to the guidelines in Ch. 253, F.S.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] This office has been informed by the Board of Regents that title to all property which is subject to Ch. 90-148, Laws of Florida, is held by the Board of Trustees of the Internal Improvement Trust Fund pursuant to s. 253.03(6), F.S.
[2] Section 253.025(2), F.S. (1990 Supp.).
[3] Section 253.025(6), F.S. (1990 Supp.).
[4] Section 253.025(7), F.S. (1990 Supp.).
[5] Section 253.025(8)(a)-(i), F.S. (1990 Supp.).
[6] Section 253.115(1)-(3), F.S.
[7] See, AGO 80-10, in which this office concluded that the Division of Building Construction and Property Management of the Department of General Services and the Division of Forestry of the Department of Agriculture and Consumer Services were authorized to acquire land in accordance with the procedures in s.253.025, F.S., in light of the proviso language in ss. 16 and 18, Ch. 79-255, Laws of Florida, that such acquisitions be in accordance with s. 253.025, F.S.
[8] Section 240.205(6), F.S.
[9] Cf., AGO 86-63, in which this office concluded that historic preservation boards created pursuant to Ch. 266, F.S., were authorized to acquire title to real property in their own names.